UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS L. TAYLOR, III, | § | |
| SOLELY IN HIS CAPACITY AS | § | |
| COURT-APPOINTED RECEIVER | § | |
| FOR KALETA CAPITAL | § | |
| MANAGEMENT, INC., | § | |
| BUSINESSRADIO NETWORK, L.P., | § | |
| d/b/a BizRadio, and DANIEL | § | |
| FRISHBERG FINANCIAL | § | |
| SERVICES, INC., d/b/a DFFS | § | |
| CAPITAL MANAGEMENT, INC. | § | |
|     Plaintiffs, | § | |
| v. | § | |
| | § | |
| DANIEL S. FRISHBERG, ELISEA T. | § | |
| FRISHBERG, ALBERT F. KALETA, | § | |
| BARRINGTON FINANCIAL | § | |
| ADVISORS, INC., and WILLIAM C. | § | |
| HEATH, | § | |
|     Defendants, | § | |
| ------------------------------------------------- | § | CIVIL ACTION NO. 4:09-cv-3674 |
| SECURITIES AND EXCHANGE | § | |
| COMMISSION, | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | |
| ALBERT FASE KALETA and | § | |
| KALETA CAPITAL MANAGEMENT, | § | |
| INC. *et al.*, | § | |
|     Defendants, | § | |
| and | § | |
| BUSINESSRADIO NETWORK, L.P. | § | |
| d/b/a BizRadio and DANIEL | § | |
| FRISHBERG FINANCIAL | § | |
| SERVICES, INC., d/b/a DFFS | § | |
| CAPITAL MANAGEMENT, INC., | § | |
|     Relief Defendants. | § | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court in this receivership proceeding are two Motions to Dismiss, one filed by Defendants Barrington Financial Advisors, Inc. and William C. Heath ("Barrington Motion") [Doc. # 158], and the other filed by Defendants Daniel S. Frishberg and Elisea T. Frishberg ("Frishberg Motion") [Doc. # 161].  The Court-appointed receiver, Thomas L. Taylor, III, Esq., has timely filed Responses [Docs. ## 163, 169].  Having considered the full record in this case, the parties' arguments, and governing legal authorities, the Court **DENIES** the Barrington Motion and **GRANTS in part** and **DENIES in part** the Frishberg Motion.

## I.     <u>BACKGROUND</u>

On November 13, 2009, the Securities and Exchange Commission ("SEC") commenced this action against Daniel S. Frishberg ("Frishberg"), Albert Kaleta ("Kaleta"), and Kaleta Capital Management, Inc. ("KCM"), alleging violations of the anti-fraud provisions of the federal securities laws for perpetrating frauds related to promissory-note securities.  The Court subsequently appointed Thomas L. Taylor, III, Esq. as the Receiver for KCM and Relief Defendants BusinessRadio Network, L.P. d/b/a BizRadio ("BizRadio") and Daniel Frishberg Financial Services, Inc. d/b/a DFFS Capital Management, Inc. ("DFFS").[1]

---

[1]    Agreed Order Appointing Receiver ("Receiver Order") [Doc. # 7]; Order Modifying Order Appointing Receiver ("Modified Receiver Order") [Doc. # 34].

On August 23, 2011, the Receiver filed a Complaint [Doc. # 105] against Frishberg, Elisea T. Frishberg ("Mrs. Frishberg" and together, "Frishberg Defendants"), Kaleta, Barrington Financial Advisors, Inc. ("Barrington"), and William C. Heath ("Heath") (collectively, "Defendants"), alleging various causes of action arising from the Defendants' alleged promissory-note frauds and subsequent transactions.     Defendants Barrington and Heath (collectively, "Barrington Defendants") filed a "Motion to Dismiss, or in the Alternative, Motion for More Definite Statement" [Doc. # 147], which the Court denied as moot after the Receiver filed a First Amended Complaint [Doc. # 150].  *See* Order [Doc. # 151].  The Barrington Defendants filed a "Second Motion to Dismiss, or in the Alternative, Motion for More Definite Statement" ("Barrington Motion") [Doc. # 158], and the Frishberg Defendants filed a Motion to Dismiss ("Frishberg Motion") [Doc. # 161].   The Receiver timely responded to both Motions [Docs. ## 163, 169].

The Receiver alleges that Frishberg was the controlling owner, a director, and the chief executive officer of both BizRadio and DFFS; that Mrs. Frishberg was an officer of BizRadio; and that Kaleta was an owner and officer of both BizRadio and DFFS, as well as the sole owner, director and officer of KCM.  First. Am. Compl., ¶ 2.  In the First Amended Complaint, the Receiver brings fifteen causes of action based on tort, equity, and fraudulent transfers under the Texas

3

Uniform Fraudulent Transfer Act ("TUFTA").[2]  These claims arise from three sets of transactions in which Defendants allegedly participated or orchestrated in their roles as officers and/or directors of DFFS, KCM, and/or BizRadio (Frishberg Defendants, Kaleta), or as recipients of DFFS assets (Barrington and Heath).

First, Frishberg and Kaleta allegedly raised capital for KCM by recommending and selling promissory notes through KCM ("KCM Notes") to

[2]   Fourteen of these claims are against Frishberg, eight are against Mrs. Frishberg, seven are against Barrington, and six are against Heath.  These claims are:

(1)   Breach of fiduciary duties owed to DFFS (Frishberg, Kaleta);

(2)   Negligence regarding DFFS (Frishberg, Kaleta);

(3)   Breach of fiduciary duties owed to KCM (Frishberg, Kaleta), and inducing or aiding breach of fiduciary duties owed to KCM (Frishberg);

(4)   Negligence regarding KCM (Frishberg, Kaleta), and aiding or abetting negligence regarding KCM (Frishberg);

(5)   Breach of fiduciary duties owed to BizRadio (Frishberg, Mrs. Frishberg, Kaleta);

(6)   Negligence regarding BizRadio (Frishberg, Mrs. Frishberg, Kaleta);

(7)   TUFTA, §§ 24.005(a)(1), (2) (Frishberg, Mrs. Frishberg, Kaleta);

(8)   TUFTA, §§ 24.006(a), (b) (Frishberg, Mrs. Frishberg, Kaleta);

(9)   TUFTA, §§ 24.005(a)(1), (2) and 24.006(a) (Frishberg, Mrs. Frishberg, Barrington);

(10)   Inducing or aiding breach of fiduciary duties owed to DFFS (Barrington, Heath);

(11)   Tortious interference with existing contracts (Frishberg, Barrington, Heath);

(12)   Unjust enrichment (all Defendants);

(13)   Constructive trust (all Defendants);

(14)   Fee forfeiture (Frishberg, Kaleta, Barrington, Heath); and

(15)   Accounting (all Defendants).

4

DFFS clients.  First Am. Compl., ¶ 5.  According to the Receiver, Frishberg and Kaleta orally represented that KCM would use the proceeds to make "high-interest, short-term loans to creditworthy small businesses," *id.*, but actually used the vast majority of the raised funds to make loans to DFFS and BizRadio ("KCM Loans"), entities that were not "the type of small business" that had been represented to investors.  *Id.*, ¶ 6.  In addition, the Receiver alleges that Frishberg failed to disclose that he would be compensated with funds from the KCM Loans received by DFFS and BizRadio.  *Id.*, ¶ 10.  From December 2007 through August 2009, KCM allegedly sold at least $10 million in KCM Notes.  *Id.*, ¶ 5.

In the second set of transactions, Frishberg allegedly "orchestrated the issuance" and recommended (or endorsed the recommendation of) BizRadio promissory notes ("BizRadio Notes") to DFFS clients, even though Frishberg knew that BizRadio "was not creditworthy and was either insolvent before or because of the BizRadio Note offering."  *Id.*, ¶ 7.  The Receiver alleges that Frishberg, Kaleta, and others also failed to disclose that proceeds from the BR Notes would be paid to Frishberg as salary, personal loans, or improperly paid personal expenses, or loaned to DFFS, whose funds ultimately also were paid to Frishberg.  *Id.*, ¶¶ 12, 77.

Third, the Receiver alleges that Frishberg "caused substantially all of the assets of DFFS to be transferred to Barrington" ("Barrington Transfer").  *Id.*, ¶ 15.

Significantly, after the SEC named DFFS as a Relief Defendant in this receivership proceeding, Frishberg allegedly transferred to Barrington the "cash flow" that DFFS generated by charging investors "management fees," as well as DFFS's "office assets," such as its office leases and equipment in San Antonio. *Id*. The Receiver avers that, despite the alleged substantial value of DFFS's "cash flow"[3] and office assets, Barrington has paid the Frishberg Defendants only roughly $120,000 through the date of the Amended Complaint, plus some additional sums since that time. *Id.*, ¶¶ 16, 83. According to the Receiver, any payments by Barrington to the Frishberg Defendants in exchange for the sale of DFFS's "cash flow" and office assets are Receivership property because those payments constitute consideration for the sale of DFFS assets that belong to the Receivership. *Id.*, ¶¶ 16, 85.

## II.   <u>LEGAL STANDARDS</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id*.

---

[3]   According to the Receiver, in 2008 and 2009, DFFS had nearly $5 million in revenue from management fees, which represented over 95% of all revenue earned by DFFS during that time period. *Id.*, ¶ 15.

For most claims, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2); *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Assoc.*, 658 F. 3d 500, 504 (5th Cir. 2011).  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

In all averments of fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-169 (1993); *Hart v. Bayer Corp*., 199 F.3d 239, 247 n.6 (5th Cir. 2000).  To do so "requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud' . . . ." *United States, ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).  While the Fifth Circuit "appl[ies] Rule 9(b) to fraud complaints with 'bite' and 'without apology,'" it does so with "aware[ness] that

7

Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *Id.* at 185-186 (citations omitted). Moreover, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Thus, while fraud must be pleaded with particularity, it "may be pleaded without long or highly detailed particularity." *Guidry v. U.S. Tobacco Co.,* 188 F.3d 619, 632 (5th Cir. 1999).

## III.   DISCUSSION

Defendants argue that claims under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), codified as TEX. BUS. & COM. CODE § 24.001 *et. seq.*, must comply with the heightened particularity requirements of Rule 9(b). *See* Barrington Motion, at 3, ¶ 2.0; Frishberg Motion, at 11, 14. The Fifth Circuit has not ruled on whether Rule 9(b) applies to claims for fraudulent transfer under TUFTA. *See, e.g.*, *Janvey v. Alguire*, 647 F.3d 585, 599 (5th Cir. 2011) ("We need not and do not address the issue of whether [Rule 9(b)'s] heightened pleading [standard] is required [in fraudulent transfer cases]."); *Alexander v. Holden Bus. Forms, Inc.*, No. 4:08-cv-614-Y, 2009 U.S. Dist. LEXIS 62279, at *7 (N.D. Tex. July 20, 2009); *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008) (citation omitted). *But see Alexander*, 2009 U.S. Dist. LEXIS 62279, at *7 (citations omitted) (observing that some courts have held that Rule 9(b) does not apply to "constructive fraud" TUFTA claims, but holding that Rule 9(b) does

8

apply to section 24.005(a)(1) of TUFTA to the extent that a claim is based on an intent to fraud); *Lovelady*, 2006 U.S. Dist. LEXIS 7996, at *5-*6 (observing that the Fifth Circuit has not ruled on this issue, but holding that "Fifth Circuit precedent does favor applying [Rule 9(b)] to the [TUFTA] anyway").  Because the Court finds that the First Amended Complaint satisfies Rule 9(b)'s requirements, the Court does not decide whether those particularity requirements apply to claims under the TUFTA.

### A.    Claim that Frishberg Breached Fiduciary Duties Owed to DFFS

The Receiver alleges that Frishberg breached his fiduciary duties of loyalty and care to DFFS as the controlling owner, the chief executive officer, and a director of DFFS.  First Am. Compl., ¶¶ 6, 91.  To prevail on a claim for breach of fiduciary duty, the Receiver must establish that (1) a fiduciary relationship existed between DFFS and Frishberg, (2) Frishberg breached his fiduciary duty to DFFS, and (3) Frishberg's breach resulted in injury to DFFS or benefit to himself. *See, e.g.*, *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 169 (5th Cir. 2010) (citation omitted); *Dernick Res. v. Wilstein*, 312 S.W.3d 864, 877 (Tex. App.—Houston [1st Dist.] 2009); *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006).

Frishberg argues that the Receiver's allegations for misappropriation of DFFS funds by Frishberg for personal use are insufficient.  Frishberg Motion, at 8.

The Court is unpersuaded.   The Receiver has alleged that Frishberg was the controlling owner, a director, and the chief executive officer of DFFS, First Am. Compl., ¶ 2, and that Frishberg thus owed duties of loyalty and care to DFFS, *id.*, ¶¶ 50-58.   The Receiver also alleges that Frishberg personally profited from his recommendation to DFFS clients to invest in KCM and BizRadio Notes, *id.*, ¶ 53, and that Frishberg's actions exposed DFFS to liability to DFFS clients who invested in those KCM and BizRadio Notes, *id.*, ¶¶ 57, 58.   These allegations are sufficient to establish a fiduciary relationship and a breach of corresponding duties. Frishberg is not entitled to dismissal of this claim.

### B.      Claim that Frishberg was Negligent Regarding DFFS

The Receiver also alleges that Frishberg's self-dealing and offering of KCM and BizRadio Notes to DFFS clients constitute negligence.   *Id.*, ¶ 95.   To prevail on a claim for negligence, the Receiver must establish that (1) Frishberg owed DFFS a legal duty, (2) Frishberg breached that duty, and (3) Frishberg's breach proximately caused damages to DFFS.   *See, e.g.*, *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003) (citations omitted); *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).   The Receiver alleges facts that may state a plausible claim of negligence, but the parties do not discuss, and thus the Court does not decide at this time, the issue of whether

10

a negligence claim lies against a fiduciary for breach of duties wholly or partially subsumed within fiduciary duties owed to a company under Texas law.

Frishberg broaches this issue when he argues that this claim "conflate[s] three causes of action, for intentional tort, negligence and breach of fiduciary duty" and argues that the Receiver fails to explain "what standard of care was allegedly viol[a]ted by a particular act."  Frishberg Motion, at 31.  The Receiver responds with allegations that Frishberg "had a duty to protect DFFS against unreasonable risks and actions, including without limitation the exposure of DFFS to liability due to fraudulently offered promissory notes, the self-dealing of management, the misuse of corporate funds, the exposure of DFFS to Note investors, and other tortious conduct by or unjust enrichment of Frishberg, Kaleta and others."  First Am. Compl., ¶ 95.  The Receiver also alleges that despite these duties, Frishberg did not disclose that "BizRadio was not creditworthy," *id*, ¶ 48, and that "KCM Note proceeds would be redirected to BizRadio and DFFS, entities [that Frishberg] knew had little to no prospect of repaying the KCM Loans . . . ."  *Id.*, ¶ 44.  The Court declines to decide at this time whether these factual allegations are sufficient to state a stand-alone claim for negligence.  This legal issue is best determined upon presentation of evidence and detailed briefing.

**C.     Claims that Frishberg Breached Fiduciary Duties, Was Negligent, Induced or Aided Breach of Fiduciary Duties, and Aided or Abetted Negligence Regarding KCM**

The Receiver also alleges that Frishberg is jointly liable with Kaleta for (1) breach of fiduciary duties, (2) negligence, (3) inducing or aiding breach of fiduciary duties, and (4) aiding or abetting negligence regarding KCM. *Id.*, ¶¶ 102, 108. The Receiver alleges that Kaleta was Frishberg's subordinate at BizRadio and DFFS, and that Frishberg is jointly liable with Kaleta because Frishberg "knowingly induced or participated in" Kaleta's breach of fiduciary duties to KCM and "knowingly assisted or encouraged" Kaleta's negligent acts towards KCM by, *inter alia*, offering KCM Notes and subsequently loaning those proceeds to BizRadio and DFFS. *Id.*

Frishberg contends that the Receiver has not pleaded any facts showing that Frishberg was in a fiduciary relationship with KCM, and thus that he owed no fiduciary duties to KCM. Frishberg Motion, at 24-25. Frishberg also argues that "inducing or aiding breach of fiduciary duties" and "aiding or abetting negligence" are not logical or valid causes of action. Frishberg Motion, at 24-25, 27. Lastly, Frishberg contends that Kaleta, as the sole owner, director, and officer of KCM, could not breach any duties to KCM, "a corporation in which he was the sole shareholder," because "there was no one to be deceived within KCM." *Id.* at 25. The Receiver has not responded any of these arguments, and the legal viability of

12

the claims is not clear.[4]   Accordingly, these claims against Frishberg are deemed abandoned.

### D.  Claims that Frishberg Defendants Breached Fiduciary Duties and Were Negligent Regarding BizRadio

The Receiver also alleges claims against the Frishberg Defendants for breach of fiduciary duties and negligence causing injury to BizRadio.   The Frishberg Defendants point out that the breaches of duty alleged in the negligence claim mirror the breaches identified in the breach of fiduciary duties claim, Frishberg Motion, at 30, but do not cite any authority holding that in order to prevail on a claim for negligence a plaintiff must establish duties, independent of fiduciary duties.

The Court, as indicated above, declines to dismiss this negligence claim at this time.  The Receiver has pleaded that the Frishberg Defendants were officers of BizRadio, that they owed BizRadio fiduciary duties, and that they breached those

---

[4]     Neither the Frishberg Defendants nor the Receiver have cited authorities regarding whether these causes of action for "inducing or aiding breach of fiduciary duties," or "aiding or abetting negligence" do or do not exist.  The Court cannot discern the legal basis for a claim of "aiding or abetting negligence," given that a negligence claim is grounded on unintentional acts.  It is noted, however, that there are Texas appellate courts that have recognized claims for "inducing or aiding" breach of fiduciary duties. *See, e.g.*, *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942) ("'[W]here a third party knowingly participates in the breach of a duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such.'"); *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 580 (Tex. App.—Dallas, 2007); *Cox Tex. Newspapers, L.P. v. Wootten*, 59 S.W.3d 717, 721 (Tex. App.—Austin 2001, pet. denied) (citing *Kinzbach*, 160 S.W.2d at 514 (Tex. 1942)).

13

duties when they, *inter alia*, caused BizRadio to take on KCM Loans, sold BizRadio Notes, gave BizRadio Note proceeds to DFFS, and/or personally profited from BizRadio Notes and KCM Loans.   First Am. Compl., ¶¶ 69-72.   These actions allegedly exposed BizRadio "to extensive liability to those who invested in the Notes, and to KCM and its creditor," and caused BizRadio to be "placed into receivership," and "to become insolvent."   *Id.*, ¶¶ 73, 75.   Without persuasive authority to the contrary, the Court declines to dismiss the Receiver's claim and holds that for present purposes, the allegations are sufficient to state plausible claims for both breach of fiduciary duties and negligence.

### E.     TUFTA Claims

TUFTA prohibits several types of fraudulent transfers, some of which require actual intent to defraud, and some of which do not.   *See, e.g.*, TEX. BUS. & COM. CODE, §§ 24.005(a)(1) (statutory language requires intent), 24.005(a)(2) (statutory language does not require intent), 24.006(a), (b) (statutory language does not require intent).[5]   As discussed above, the Fifth Circuit has not decided whether Rule 9(b) applies to fraudulent transfers under the TUFTA.   *See, e.g., Alexander v. Holden Bus. Forms, Inc.*, No. 4:08-cv-614-Y, 2009 U.S. LEXIS 62279, at *7 (N.D. Tex. 2009); *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008).   While it is likely Rule 9(b) does not apply to claims of "constructive fraud"

---

[5]     *See infra* nn.7-10 for description of these claims.

14

transfers under section 24.005(a)(2) or 24.006, it may well apply to the intentional fraud claim specified in section 24.005(a)(1).  In any event, and without deciding this issue, the Court concludes that the Rule 9(b) particularity requirements have been satisfied here.[6]

### 1.    The KCM and BizRadio Notes: Fraudulent Transfers Under TUFTA §§ 24.005(a)(1), (2) and 24.006(a), (b)

The Receiver alleges that the Frishberg Defendants engaged in fraudulent transfers under TUFTA §§ 24.005(a)(1),[7] 24.005(a)(2),[8] 24.006(a),[9] and

---

[6]    The Barrington Defendants comment in passing that the Receiver's claim against them for "inducing or aiding [the Frishberg Defendants'] breach of duty" to DFFS should be pleaded with particularity because it stems from the allegedly fraudulent Barrington Transfer.  To the extent that Rule 9(b) does apply to inducing or aiding a fraudulent transfer under TUFTA, that pleading requirement has been satisfied here.

[7]    To establish a claim under section 24.005(a)(1), a creditor whose claim "arose before or within a reasonable time after the transfer was made or the obligation was incurred," must allege that the transfer was made "with actual intent to hinder, delay, or defraud any creditor of the debtor."  TEX. BUS. & COM. CODE, § 24.005(a)(1).

[8]    To establish a claim under section 24.005(a)(2), the creditor must allege that the transfer was made "without receiving reasonably equivalent value in exchange for the transfer," and the debtor "(A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due."  *Id.*, § 24.005(a)(2).

[9]    To establish a claim under section 24.006(a), the creditor must allege that the transfer was made "without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."  *Id.*, § 24.006(a).

15

24.006(b)[10] when they received direct or indirect transfers of proceeds from the KCM and BizRadio Notes in the form of salary, personal loans, improperly paid personal expenses, and other payments.  First Am. Compl., ¶¶ 123, 128, 133.

The Frishberg Defendants argue that the Receiver has not pleaded sufficient facts to state fraudulent claims under these TUFTA provisions.  *See* Frishberg Motion, at 11-12.  The Court disagrees.  The Receiver's factual allegations meet the pleading requirements that each of these claims be plausible.  For example, the Receiver alleges (1) that DFFS clients loaned money to KCM and BizRadio, making them creditors under the statute; (2) that the KCM Notes were described to investors as loans for creditworthy entities, when in fact loan proceeds were given to BizRadio and DFFS, two "non-creditworthy affiliate entities . . . which had no reasonable prospect of repaying the KCM Loans they received,"[11] First Am. Compl., ¶ 43; and (3) that proceeds from the KCM and BizRadio Notes were transferred to the Frishberg Defendants in the form of loans, salary, payments of

---

[10]     To establish a claim under section 24.006(b), the creditor must allege that the transfer was "made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent."  *Id.*, § 24.005(b).

[11]     The Receiver alleges that KCM loaned BizRadio approximately $5.5 million, $3.6 million of which was loaned when BizRadio's books showed more than $1.6 million in losses and its only significant assets were "illiquid radio-station licenses."  *Id.*, ¶ 44.  In addition, the Receiver alleges that KCM loaned approximately $1.2 million to DFFS, when DFFS "did not have sufficient revenue or assets to service such a loan."  *Id.*, ¶¶ 44, 57.

16

personal expenses, and/or other compensation, *id.*, ¶¶ 24, 48.  Even if Rule 9(b)'s particularity pleading requirements apply to claims under TUFTA, the Receiver's factual allegations regarding the KCM and BizRadio transfers meet that standard.  *See Guidry v. U.S. Tobacco Co.,* 188 F.3d 619, 632 (5th Cir. 1999) (While fraud must be pleaded with particularity, it "may be pleaded without long or highly detailed particularity.").

## 2. The Barrington Transfer: Fraudulent Transfer Under TUFTA §§ 24.005(a)(1), (2) and 24.006(a)

The Receiver also alleges that Barrington, Heath, and/or the Frishberg Defendants' actions with respect to the Barrington Transfer constitute fraudulent transfer under TUFTA §§ 24.005(a)(1), (2) and 24.006(a).  First Am. Compl., ¶ 134.  The Barrington Defendants argue that the Receiver's pleadings do not adequately allege what was transferred from DFFS to Barrington, Barrington Motion, *id.*, ¶ 4.0, the time(s) when the transfers were made, *id.*, ¶ 5.0, or how the assets were transferred, *id.*, ¶ 6.0.  The Frishberg Defendants adopt these arguments.  *See* Frishberg Motion, at 37.

The Court is unpersuaded that the allegations are insufficient to state plausible claims under the various TUFTA provisions under Rule 9(b).  Regarding when the transfers were made, the Receiver has alleged that "sometime approximately in February of 2010 and continuing through at least June of 2010,

17

Frishberg, in a series of transactions, caused client investment accounts managed by DFFS to be transferred to Barrington." *Id.*, ¶ 80.  The Receiver has also alleged the assets that were transferred, specifically, as the "cash flow earned by DFFS" from investment management fees and "office-related assets" such as leases, computers, and furniture.  *Id.*, ¶¶ 80, 85.  The Receiver further alleges that Barrington paid $120,000 to the Frishberg Defendants directly or indirectly, that at least $52,000 was paid to DFFS or Frishberg by Barrington in April of 2010, and that payments have continued.  *Id.*, ¶¶ 16, 137.  The Receiver's pleadings are sufficient.  Indeed, the Receiver's allegations address several of the factors identified in section 24.005(b)[12] that are to be considered in assessing whether

---

[12]     TUFTA § 24.005(b) provides that "[i]n determining actual intent under [section 24.005(a)(1)], consideration may be given, among other factors, to whether: . . . (2) the debtor retained possession or control of the property transferred after the transfer; . . . (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets, . . . (10) the transfer occurred shortly before or shortly after a substantial debt was incurred . . . ." *Id.* § 24.005(b).  The Receiver has alleged similar facts, including that Frishberg "continues to disseminate his financial newsletters, now with Barrington's Houston address in the newsletters' footer," *id.*, ¶ 84; that Mrs. Frishberg has obtained the position of "Fixed Income/Capital Preservation Specialist for Barrington Financial," *id.*; that "on information and belief, Frishberg continues to manage the DFFS client accounts [after their] transfer[] to Barrington," *id.*; that before the Barrington Transfer, DFFS had been sued and Frishberg was threatened with claims, *id.*, ¶¶ 15, 134; that the "cash flow" that DFFS transferred to Barrington "represented substantially all of the assets of DFFS" at the time DFFS caused the transfers, *id.*, ¶¶, 15, 80; that at the time of the Barrington Transfer, DFFS was liable to BizRadio and KCM for over $1 million in loans made to DFFS by those entities, *id.*, ¶ 82.

18

there is actual intent under section 24.005(a)(1).  Accordingly, Defendants are not entitled to dismissal of the TUFTA claims.[13]

## IV.  CONCLUSION

For the foregoing reasons, the Court dismisses the Receiver's claims against Frishberg for breach of fiduciary duties owed to KCM, negligence regarding KCM, inducing or aiding breach of breach of fiduciary duties owed to KCM, and aiding or abetting negligence regarding KCM, as these claims are deemed abandoned. Otherwise, the Court denies the pending Motions.  It is accordingly

**ORDERED** that the Barrington Motion [Doc. # 158] is **DENIED.**  It is further

**ORDERED** that the Frishberg Motion [Doc. # 161] is **GRANTED in part** and **DENIED in part**.

SIGNED at Houston, Texas, this 13th day of **March, 2012**.

Nancy F. Atlas
United States District Judge

---

[13]    The Receiver also alleges four equitable claims: unjust enrichment, constructive trust, fee forfeiture, and accounting.  Defendants do not make specific arguments for dismissal of these claims, and the Court does not address them.  The Court concludes that the Barrington Defendants' argument that the Receiver's claim for unjust enrichment should be pleaded with particularity is moot, as Rule 9(b), if it applies, is satisfied by the Receiver's pleading.

19