IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § Plaintiff, § § v. § § ALBERT FASE KALETA and § KALETA CAPITAL, § MANAGEMENT INC. *et al.*, § Defendants, § § and § § BUSINESSRADIO NETWORK, L.P. § d/b/a BizRadio and DANIEL § FRISHBERG FINANCIAL § SERVICES, INC., d/b/a DFFS § CAPITAL MANAGEMENT, INC., § Relief Defendants. § | CIVIL ACTION NO. 4:09-3674 |

## MEMORANDUM AND ORDER

Before the Court in this receivership proceeding is a Motion to Lift Stay [Doc. # 181] filed by investors David Selter and Joanne Cassidy (collectively, "Movants"). Movants are plaintiffs in a state suit against Daniel Frishberg. Movants request this Court to lift an anti-litigation injunction issued in December 2009 so that their state suit may proceed. Because the equities favor maintaining the stay, the Court **DENIES** the Motion to Lift Stay.

## I. BACKGROUND

In November 2009, the Securities and Exchange Commission ("SEC") commenced this action against Kaleta Capital Management, Inc. ("KCM") and Albert Kaleta. Compl. [Doc. # 1]. Subsequently, the Court appointed Thomas L. Taylor III, Esq., as the Receiver for Kaleta Capital Management, Inc. ("KCM") and Relief Defendants BusinessRadio Network, L.P. d/b/a BizRadio ("BizRadio") and Daniel Frishberg Financial Services, Inc. d/b/a DFFS Capital Management, Inc. ("DFFS") (collectively, the "Receivership Entities"). *See* Receivership Order [Doc. # 7]; Order Modifying Receivership Order [Doc. # 34]. The Receivership Order enjoins, except in this Court,

> the commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other proceeding against the Receiver, the Defendant, the Receivership Estate, or any agent, officer, or employee related to the Receivership Estate, arising from the subject matter of this civil action.

Receivership Order, ¶ 7(a).[1]

On January 14, 2011, the Court denied a motion to lift stay filed by another investor, Barbara House, who sought to pursue state court claims against Daniel and Elisea Frishberg. *See* Order [Doc. # 54] ("House Order"), at 1-2. The Court held, *inter alia*, that the anti-litigation injunction applied to House's state suit

---

[1] On August 23, 2011, the Receiver filed an ancillary action against Daniel Frishberg and others. *See* Compl. [Doc. # 105]. The Court granted the Receiver's Unopposed Motion to Sever the Ancillary Action on May 10, 2012. *See* Order [Doc. #199].

2

against Daniel Frishberg ("D. Frishberg") because he was an officer of DFFS, and House's state suit arose from the same subject matter of the instant case. *See id.*, at 3. The Court denied House's request to lift the stay because the equities favored maintaining the *status quo*. *Id.*, at 4.

Shortly after the Court's ruling, Movants filed an Agreed Motion to Abate their state suit against D. Frishberg in the 270th Judicial District Court in Harris County, Texas. *See* Motion to Lift Stay [Doc. # 181], ¶¶ 2, 5. Movants' state suit arises from investment advice that D. Frishberg allegedly gave them in 2006. *See id.*, ¶¶ 17-20. According to Movants, D. Frishberg recommended that Plaintiffs invest $100,000 in BizRadio[2] despite agreeing that the Movants' funds would only be made in low-risk investments. *See id.*, ¶ 18. D. Frishberg allegedly also recommended that Movants invest another $100,000 in a real estate investment firm, W.C. Perry Properties, LP ("Perry Properties"), but failed to disclose his affiliation with Perry Properties. *See id.*, ¶ 19. Movants seek to recover damages under an Errors & Omissions Policy # 01-766-0906-09 issued to DFFS ("DFFS Policy") by American International Specialty Line Insurance Company. *See* Resp. [Doc. # 190], at 3. According to the Receiver, the DFFS Policy is an asset of the Receivership Estate, against which multiple investors—including Movants—have

---

[2] Movants do not specify the exact BizRadio entity or entities in which they invested.

3

filed timely claims.  *See id.*

On March 16, 2012 Movants filed the instant Motion to Lift Stay ("Motion") [Doc. # 181].  The Receiver timely filed a Response [Doc. # 190], to which Movants filed a Reply [Doc. # 191].  The Motion is now ripe for decision.

## II.  LEGAL STANDARDS

In determining whether to lift a litigation stay imposed by a court overseeing an equity receivership, courts are to consider:

(1) Whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed;

(2) The time in the course of the receivership at which the motion for relief from the stay is made; and

(3) The merit of the moving party's underlying claim.

*SEC v. Stanford Int'l Bank Ltd.*, 424 Fed. App'x 338, 341 (5th Cir. 2011) (unpublished) (citing *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984)).  "The interests of the Receiver are very broad and include not only protection of the receivership res, but also protection of defrauded investors and considerations of judicial economy."  *SEC v. Univ. Fin.*, 760 F.2d 1034, 1038 (9th Cir. 1985) (citing *SEC v. Wencke*, 622 F.2d 1034, 1372-73 (9th Cir. 1980)).  The Movant bears the burden to show that the stay should be lifted.  *U.S. v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 450 (3d Cir. 2005).

## III.    DISCUSSION

Movants offer several reasons[3] why their state suit should be permitted to proceed: (1) The Receiver has not yet recovered on the DFFS Policy, despite having over two years to do so since the Receiver's appointment in December 2009, Motion, ¶¶ 11, 12, 15, 16; (2) The Movants continue to be harmed, *id.* ¶ 14; (3) The Movants have meritorious claims against Daniel Frishberg, *id.* ¶¶ 17-20; (4) The Receiver has not timely provided information or evidence of his progress in obtaining proceeds, Reply, ¶¶ 6-9; and (5) The Movants' claims do not arise from the same BizRadio promissory note fraud that is the subject of the SEC action, *id.*, ¶¶ 10-12.

The Court begins by addressing Movants' last contention, essentially that Movants' claims are exempt from the Court's litigation stay.  The Receivership Order explicitly restrains judicial action against an "officer or employee related to the Receivership Estate."  Receivership Order [Doc. # 7], ¶ 7(a); *see also* House Order [Doc. # 54], at 3.  The Receiver's Complaint in the now-severed suit against D. Frishberg alleges that the latter was an "owner, employee, partner, director, and/or officer of DFFS, BizRadio, and their related entities," *see* First Am. Compl. [Doc. # 150], ¶ 22, and the assets and records of DFFS and BizRadio are part of the Receivership Estate.  *See* Order Modifying Receivership Order [Doc. # 34], at

---

[3]    Some, but not all, of these arguments relate to the first *Wencke* factor.

5

1-2.

Regarding the first *Wencke* factor, Movants' claims also arise from the same subject matter as this case. Movants' descriptions of their BizRadio investment indicate Movants' claims are within the fraudulent scheme that led to the Receivership and harmed dozens of investors similarly situated to Movants. *See* Motion, ¶ 18. Movants argue that their investment in Perry Properties is unrelated to the promissory note frauds at the center of the SEC action, *see* Reply, ¶ 12, but they have submitted no evidence or explanation of how the Perry investment is distinct.[4] Moreover, the investment schemes orchestrated by Frishberg, Kaleta, and the entities controlled or owned by them are highly interrelated.[5] Movants' claims appear to arise from events or transactions related to the subject matter of this case.

The Court also denies Movants' request to lift the stay because the equities continue to favor maintenance of the *status quo*. If Movants' suit were permitted to proceed, Movants in effect would be granted priority over other investors who

---

[4]   In their Reply, Movants argue that their "claims do not arise out of the promissory note scheme of Frishberg and Kaleta. Their investments were in BIZ Radio and in Perry Properties—not the SEC notes." Reply [Doc. # 191], ¶ 11. This assertion is unpersuasive; Movants' BizRadio investments are the subject matter of the SEC action and the Receiver's suit against Frishberg and others.

[5]   For example, the SEC alleges that Kaleta owned approximately 44% of DFFS and served as DFFS's vice president and chief compliance officer. *See* Compl. [Doc. # 1], ¶ 12. In the suit against Frishberg, the Receiver alleges that Kaleta was an owner and officer of DFFS and BizRadio. *See* First Am. Compl. [Doc. # 150], ¶ 2.

6

P:\ORDERS\11-2009\3674MLift.docx.7.3.2012.15:55:11

were victimized by the same fraudulent scheme. This likely would deplete the DFFS insurance proceeds through expenditure of defense costs the Policy must cover in litigation or an early negotiated settlement. It also would disrupt the Receiver's negotiations with DFFS's carrier, and force costly, potentially unnecessary, litigation regarding coverage issues under the Policy.[6] In either case, the *status quo* would be disrupted to the detriment of the Receivership.

In addition, although Movants argue that "harm to [them] continues," *see* Motion, ¶ 14, they have not identified any specific injury sufficient to lift the stay. *See Acorn Tech.*, 429 F.3d at 449. Despite Movants' contentions, it is apparent that, even if the stay were lifted, Movants would need to litigate and/or negotiate to recover any insurance proceeds, processes requiring significant time and largely duplicative efforts of the Receiver. Moreover, the Receiver already has taken some steps towards collection of the insurance claims.[7] *See* Resp., at 5. It is far from clear that lifting the stay would allow Movants to recover their alleged share of these proceeds more quickly. Accordingly, the first *Wencke* factor weighs in

---

[6] The Receiver states that other victimized investors have timely filed claims against DFFS that implicate the DFFS Policy. Resp. at 3, 4 n.1 ("[The claims against DFFS] trigger[] DFFS's—and thereby the Receivership Estate's—right to indemnification under the [DFFS] Policy and bolster the Receiver's contention that the proceeds of the [DFFS] Policy were a Receivership Asset and should be tendered to the Estate for the benefit of all aggrieved investors.").

[7] The Receiver reports that he has submitted to the insurance carrier a formal demand letter for Policy proceeds. Resp., at 5.

7

favor of maintaining the stay and none of Movants' contentions are persuasive.

The second *Wencke* factor, the timing of the request, also weighs in favor of maintaining the stay. Although the Receiver was appointed in December 2009, he continues to pursue various Estate claims and thus is not yet prepared to distribute Estate assets. *See id.*, at 9. If Movants' state suit against Frishberg were permitted to proceed, the Receiver would lose necessary control over Estate assets for purposes of administering Receivership. *See id.*

The Court expresses no opinion on the third factor, the merits of Movants' claims in their state court suit. Even if those claims are meritorious, they undoubtedly are contested. This factor does not outweigh the equities set forth above, which weigh heavily in favor of the stay.

Last, Movants' request for periodic reports by the Receiver on the status of the claim against the DFFS Policy proceeds is not unreasonable. The Receiver now states that the insurance carrier "is actively working to structure a settlement." *See id.*, at 5. The Court will establish a schedule for the Receiver to report the status of these matters. The absence of formal reports to date, however, is not a basis for lifting the stay.

For all of the foregoing reasons, it is

**ORDERED** that Movants' Motion to Lift Stay [Doc. # 181] is **DENIED**. It is further

8

**ORDERED** that the Receiver must report the status of his claim for the DFFS Policy proceeds by **August 30, 2012** and file a status report every four months thereafter.

SIGNED at Houston, Texas, this 3rd day of **July, 2012**.

                                             _____
                                                            Nancy F. Atlas
                                                    United States District Judge