IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. 4:09-cv-3674 | |
| ALBERT FASE KALETA and KALETA CAPITAL MANAGEMENT, INC., *et al.*, § § § | | |
| Defendants, § § | | |
| and § § | | |
| BUSINESSRADIO NETWORK, L.P. d/b/a BizRadio and DANIEL FRISHBERG FINANCIAL SERVICES, INC., d/b/a DFFS CAPITAL MANAGEMENT, INC., § § § § § § | | |
| Relief Defendants. § | | |

## MEMORANDUM AND ORDER

This case is now before the Court on *pro se* individuals Wayne M. English and James D. Colling's (collectively, the "Investors") Motion for Leave to File Lawsuit Against Thomas Taylor, SEC Receiver (the "Motion") [Doc. # 314]. Receiver Thomas L. Taylor III timely filed a response to the Motion. *See* Receiver's Response to Wayne English and James Colling's Motion for Leave to

File Lawsuit against Receiver (the "Response") [Doc. # 315]. The Investors have not filed a reply, and the deadline to do so under the Court's local procedures has expired.[1] The Motion is ripe for determination. After considering the parties' briefing, all appropriate matters of record, and the applicable legal authorities, the Court **denies** the Motion.

I. **BACKGROUND**

The complete procedural and factual background for this longstanding litigation is addressed in the Court's various prior Orders for this case.[2] Accordingly, the Court focuses here only on those facts most germane to the pending Motion. In 2009, the Securities and Exchange Commission (the "SEC") commenced an action against Defendants Albert Kaleta, Daniel Frishberg, and Kaleta Capital Management under the anti-fraud provisions of the federal securities laws. The Court appointed Thomas L. Taylor, III, as Receiver for Defendant Kaleta Capital Management and Relief Defendants BusinessRadio

---

[1] The Investors also have not moved the Court to extend the deadline to file a reply.

[2] *See, e.g.*, Memorandum and Order [Doc. # 54], dated January 14, 2011; Memorandum and Order [Doc. # 156], dated December 2, 2011; Memorandum and Order [Doc. # 170], dated February 7, 2012; Memorandum and Order [Doc. # 180], dated March 13, 2012; Memorandum and Order [Doc. # 205], dated July 3, 2012; Memorandum and Order [Doc. # 243], dated May 31, 2013; Memorandum and Order [Doc. # 265], dated June 16, 2014; and Memorandum and Order [Doc. # 294] dated September 29, 2015.

Network, L.P. d/b/a BizRadio and Daniel Frishberg Financial Services, Inc. d/b/a DFFS Capital Management, Inc.

The Investors are limited partners in the Wallace Bajjali Investment Fund II, L.P. (the "WB Fund"), a Texas limited partnership. Between 2006 and 2008, the WB Fund made substantial investments in Relief Defendant BizRadio in contravention of the terms of its governing limited partnership agreement. The Investors have no direct relationship with any Defendants or Relief Defendants in this case; they are only indirect investors in BizRadio by virtue of their limited partnership interests in the WB Fund. In March 2015, due at least in part to its failed investments in BizRadio, the WB Fund filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

Over the course of his receivership, the Receiver collected approximately $2.7 million to compensate investors and creditors harmed by Defendants' fraud. In July 2016, the Court granted Receiver's Motion to Approve Final Plan of Distribution of Receivership Assets (the "Final Plan"). *See* Order Granting Receiver's Motion to Approve Final Plan of Distribution of Receivership Assets [Doc. # 300]. Pursuant to the Final Plan, approximately $125,000 of the receivership estate was distributed to the WB Fund's bankruptcy estate. No investor in the WB Fund, including the Investors, received a direct distribution of funds or assets from the Receiver.

In September 2016, and nearly two months after the Court approved it, the Investors filed objections to the Final Plan. Without citing any authority, the Investors argued that the Final Plan was deficient because it required the Receiver to distribute assets to the WB Fund's bankruptcy estate and not directly to its limited partners. By Order dated October 14, 2016, the Court overruled the Investors' objections as both untimely and unfounded on the merits. In that Order, the Court recognized that "distribution of the receivership assets to the bankruptcy estate is the correct process." Order [Doc. # 304].

The Investors did not appeal the Court's October 14, 2016 Order, and it became final. Instead, fourteen months later, the Investors filed the Motion. The gravamen of the Investors' arguments in the Motion is that the Receiver is liable to them for various acts and omissions, including violating SEC rules for receivers and failing to diligently pursue unrecovered debts, because those acts and omissions ultimately precluded the WB Fund's limited partners from obtaining any recovery from the receivership estate.

II. **ANALYSIS**

As a threshold matter, the Receiver argues that the Investors lack standing to raise the claims asserted in the Motion because they are neither investors in, nor creditors of, any of the Relief Defendants. The Court agrees. The Investors have no direct investor or creditor relationship with any of the Relief Defendants,

4

including BizRadio.[3] It was the WB Fund, not the Investors, which actually directly invested in BizRadio. To the extent that the Receiver failed to maximize the value of the receivership estate, it was WB Fund, not the Investors, that suffered a direct injury as a result. Accepting as true each of the arguments and allegations in the Motion, the harm the Investors have endured because of the Receiver's actions (or lack thereof), at most, is a reduction in the value of their limited partnership interest in the WB Fund by virtue of the WB Fund's lack of recovery from the receivership estate. Texas law is clear that "a limited partner does not have standing to sue [third parties] for injuries to the partnership that merely diminish the value of partnership interests or a share of partnership income;

---

[3] On July 5, 2011, the Court ordered the WB Fund to provide the Receiver with the names and contact information of "all parties who may potentially assert a lien, claim, encumbrance or other interest in the Radio Station KETK" in connection with certain interveners' opposition to the Receiver's proposed sale of Radio Station KTEK. Order [Doc. # 88]. That list, which included English and Colling, was filed on July 29, 2011. List of Investors [Doc. # 95]. To the extent the Investors argue that the "List of Investors" gives them standing to assert claims in the Motion against the Receiver, the Court rejects that argument. The "List of Investors" is deliberately broader than, and distinct from, the list of actual claimants of the receivership estate, which is defined to consist of "those parties that have suffered a net out-of-pocket loss resulting from investments in, or loans to . . . BizRadio" (*i.e.*, direct investors such as the WB Fund). Order Granting Receiver's Motion to Approve Final Plan of Distribution of Receivership Assets [Doc. # 300]. While the Court required the "List of Investors" to facilitate the flow of information to those with an indirect interest in the outcome of the receivership, the Court has never defined the claimants of the receivership estate to include those, such as the Investors, that have relatively attenuated relationships to BizRadio or the other Relief Defendants.

such claims may be asserted only by the partnership itself." *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.– Houston [14th Dist.] 2016, pet. denied); *Hall v. Douglas*, 380 S.W.3d 860, 873–74 (Tex. App.–Dallas 2012, no pet.) (same); *see also Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250 (Tex. App.–Dallas 2005, no pet.) ("An individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity."). Accordingly, the Investors lack standing to bring the claims asserted in the Motion, which properly belong either to the WB Fund or its bankruptcy estate.[4]

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the Investors lack standing to assert the claims in the Motion. Therefore, it is hereby

**ORDERED** that the Investors' Motion for Leave to File Lawsuit Against Thomas Taylor, SEC Receiver [Doc. # 314] is **DENIED**. It is further

**ORDERED** that as promptly as practicable, but in no event more than one business day following the date of entry of this Memorandum and Order on the Court's docket, the Receiver shall (i) serve each of English and Colling with a copy of this Memorandum and Order via both electronic mail and first class mail at

---

[4] The Investors, who purport to bring their claims directly, make no argument in the Motion that they have the right or authority to bring claims against the Receiver derivatively on behalf of the WB Fund.

the respective addresses they provided in the Motion and (ii) file a certificate of service with the Court confirming such service has been effected.

SIGNED at Houston, Texas this 10th day of **April, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

P:\ORDERS\a2008-2009\2009\3674Leave.docx   180410.1414