# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-cv-3674 |
| ALBERT FASE KALETA and KALETA CAPITAL MANAGEMENT, INC., *et al.*, | § § § § | |
| Defendants, | § § | |
| and | § § | |
| BUSINESSRADIO NETWORK, L.P. d/b/a BizRadio and DANIEL FRISHBERG FINANCIAL SERVICES, INC., d/b/a DFFS CAPITAL MANAGEMENT, INC., | § § § § § | |
| Relief Defendants. | § | |

## **MEMORANDUM AND ORDER**

  This case is before the Court on *pro se* individuals Wayne M. English and James D. Colling's (collectively, the "Investors") Motion for a New Trial or Motion to Alter or Amend a Judgment (the "New Trial Motion") [Doc. # 318]. In the New Trial Motion, the Investors seek relief from the Court's Memorandum and Order, dated April 10, 2018 [Doc. # 316] (the "April 10 M&O"), in which the

Court denied the Investors' request for leave to sue receiver Thomas L. Taylor, III (the "Receiver"), appointed by this Court as receiver for Defendant Kaleta Capital Management and Relief Defendants BusinessRadio Network, L.P. d/b/a BizRadio and Daniel Frishberg Financial Services, Inc. d/b/a DFFS Capital Management, Inc. The Receiver timely filed a response in opposition [Doc. # 319] to the New Trial Motion ("Response").[1] The Investors have not replied.[2] The New Trial Motion is now ripe for determination. After considering the parties' briefing, all appropriate matters of record, and the applicable legal authorities, the Court **denies** the New Trial Motion.

I.  **BACKGROUND**

The procedural and factual background for this extended litigation has been addressed in the Court's various prior rulings in this case.[3] The Court focuses here only on the facts germane to the pending motion. On December 8, 2017, the

---

[1]   *See* Receiver's Response to the New Trial Motion [Doc. # 319].

[2]   The deadline for the Investors to file a reply under the Court's local procedures has expired.

[3]   *See, e.g.*, Memorandum and Order [Doc. # 54], dated January 14, 2011; Memorandum and Order [Doc. # 156], dated December 2, 2011; Memorandum and Order [Doc. # 170], dated February 7, 2012; Memorandum and Order [Doc. # 180], dated March 13, 2012; Memorandum and Order [Doc. # 205], dated July 3, 2012; Memorandum and Order [Doc. # 243], dated May 31, 2013; Memorandum and Order [Doc. # 265], dated June 16, 2014; and Memorandum and Order [Doc. # 294] dated September 29, 2015; April 10 M&O [Doc. # 316], dated April 10, 2018.

Investors filed a "Motion for Leave to File Lawsuit Against Thomas Taylor, SEC Receiver" (the "Leave Motion") [Doc. # 314]. In essence, the Investors contended that the Receiver is liable to them for various acts and omissions, such as violating SEC rules for receivers and failing to diligently pursue unrecovered debts. According to the Investors, those acts and omissions prevented them, as limited partners of the Wallace Bajjali Investment Fund II, L.P. (the "WB Fund"), from obtaining any recovery from the receivership estate of BusinessRadio Network, L.P. ("BizRadio"), an entity in which the WB Fund had made substantial investments. The Court denied the requested relief in its April 10 M&O because the Investors lacked standing to file suit against the Receiver.[4] The Court concluded that the claims asserted by the Investors in the Leave Motion belong only to the WB Fund or to its bankruptcy estate.

In response, on May 2, 2018, the Investors filed the New Trial Motion. In that motion, the Investors argue that the Court's denial of the Leave Motion is

---

[4] *See* April 10 M&O [Doc. # 316], p. 5-6 ("To the extent that the Receiver failed to maximize the value of the receivership estate, it was WB Fund, not the Investors, that suffered a direct injury as a result. Accepting as true each of the arguments and allegations in the [Leave] Motion, the harm the Investors have endured because of the Receiver's actions (or lack thereof), at most, is a reduction in the value of their limited partnership interest in the WB Fund by virtue of the WB Fund's lack of recovery from the receivership estate. Texas law is clear that 'a limited partner does not have standing to sue [third parties] for injuries to the partnership that merely diminish the value of partnership interests or a share of partnership income; such claims may be asserted only by the partnership itself.'" (quoting *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.– Houston [14th Dist.] 2016, pet. denied)))

"against the weight of the evidence" and that they have standing to pursue the relief sought in the Leave Motion. The Investors' contentions in the New Trial Motion are premised largely on irrelevant background facts, fail to address the reasoning of the April 10 M&O, and lack merit.

## II.     LEGAL STANDARDS

### A.     Rule 59 of the Federal Rules of Civil Procedure

In the New Trial Motion, the Investors expressly request a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure.  Under Rule 59(a)(1), a court may, by motion, grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court," or "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in an equity suit in federal court."  FED. R. CIV. P. 59(a)(1).  A new trial may be granted if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013).  A district court "should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence," not merely against the preponderance of the evidence. *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 670 (5th Cir. 2002) (quoting *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998)).

4

It is unclear from the Motion whether the Investors seek to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Because the Investors are *pro se*, the Court analyzes the Investors' New Trial Motion under Rule 59(e), which may apply because the motion was filed within 28 days of the Court's April 10 M&O. Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact, or to present newly discovered evidence. *Truvia v. Connick*, 577 F. App'x 317, 327 (5th Cir. Aug. 8, 2014).  In the Fifth Circuit, a Court may grant a Rule 59(e) motion for one of four reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to address an intervening change in controlling law. *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (5th Cir. 2012).

**B.      Rule 60 of the Federal Rules of Civil Procedure**

As noted, the Investors proceed in this case *pro se*.  Although the New Trial Motion itself seeks a new trial only under Rule 59, the Court liberally construes the Motion to seek relief pursuant to Federal Rule of Civil Procedure 60(b), which applies if the motion is filed within a "reasonable time."

Rule 60(b) sets forth six grounds for relief from a judgment or order.  Only two of those reasons are conceivably relevant here: Rule 60(b)(1) and Rule

5

60(b)(6).[5] The Court may grant a party relief pursuant to Rule 60(b)(1) upon a showing of mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). Under Rule 60(b)(6), a court may grant relief for "any other reason that justifies relief." *Id.* 60(b)(6).

"Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). Similarly, to succeed on a Rule 60(b)(6) motion the moving party must show "extraordinary circumstances" that justify relief. *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).

---

[5] Rule 60(b)(2) concerns the discovery of new evidence. FED. R. CIV. P. 60(b)(2). The Investors do not argue that any new evidence has been discovered since the April 10 M&O issued. Rule 60(b)(3) permits a party to seek relief from a judgment or order that was influenced by an opposing party's fraud, misrepresentation, or misconduct. *Id.* 60(b)(3). The Investors make no argument that the April 10 M&O was the product of fraud, misrepresentations or misconduct by the Receiver. Rule 60(b)(4) permits a party to seek relief from a judgment that is void. *Id.* 60(b)(4). The Investors do not argue, or cite any evidence, that the April 10 M&O is void. Rule 60(b)(5) contemplates a judgment that has been satisfied, released or discharged, was based on an earlier judgment that has been reversed or vacated, or the prospective application of which is no longer equitable. *Id.* 60(b)(5). The April 10 M&O does not lend itself to having been satisfied, released, or discharged. Nor was it based on an earlier judgment that has been reversed or vacated. Finally, there is nothing inherently inequitable about the prospective application of the April10 M&O, and there has been no change in facts or circumstances that would make its application inequitable.

## III. DISCUSSION

### A. Rule 59 Analysis

On its face, Rule 59(a) is inapplicable to the relief the Investors seek in the New Trial Motion because Rule 59(a) only applies to post-trial judgments. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Flynn v. Am. Honda Motor Co. Inc.*, No. 4:11-CV-3908, 2015 WL 1461883, at *1 (S.D. Tex. Mar. 30, 2015); *United States v. $30,000.00 U.S. Currency*, No. CIV.A. H-12-0471, 2012 WL 5456172, at *1 (S.D. Tex. Nov. 7, 2012). The April 10 M&O is not a post-trial judgment. Therefore, the New Trial Motion is **denied** under Rule 59(a).

Any potential claim for relief pursuant to Rule 59(e) similarly lacks merit. Even if the April 10 M&O was a judgment within Rule 59(e)'s purview, the Investors do not proffer newly discovered or previously unavailable evidence. Nor do they argue that there has been an intervening change in controlling law since issuance of the April 10 M&O. To the extent the Investors argue that the April 10 M&O is based on manifest errors of law or fact, the Investors provide no authority that refutes the Court's core reasoning. Indeed, the Investors' argument that they have standing to assert claims against the Receiver because they were limited partners in the WB Fund and incurred loss based on violations of the WB Fund's

7

Partnership Agreement[6] underscore, not undermine, the Court's conclusions in the April 10 M&O. The Investors had no direct relationship with BizRadio. Their economic interest in BizRadio was entirely a function of their limited partner investments in the WB Fund. The WB Fund,[7] a distinct legal entity, and not the Investors, was the investor in BizRadio. Consequently, it was the WB Fund, not the Investors, that was directly harmed by the Receiver's alleged missteps in connection with BizRadio's receivership. Texas law is clear that claims for harm in this scenario belong to the WB Fund, not its limited partners.[8] The Investors cite no contrary authority in their New Trial Motion and also fail to address the merits of the April 10 M&O.

The New Trial Motion is most fairly characterized as an attempt by the Investors to relitigate an already decided issue and re-raise arguments that the

---

[6] To the extent the Investors wish to pursue claims for breach of the WB Fund's Partnership Agreement, there is no connection whatsoever between those claims and the Receiver or his actions. Any such claims would necessarily be against those that managed the WB Fund. Whether and how the Investors can pursue those claims are issues that are beyond the scope of this litigation.

[7] The Investors make the conclusory, self-serving assertion in the New Trial Motion that the WB Fund is a "Relief Defendant" in this case. Plaintiffs cite no evidence in support of their argument. This assertion is without merit.

[8] *See Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.–Houston [14th Dist.] 2016, pet. denied); *Hall v. Douglas*, 380 S.W.3d 860, 873–74 (Tex. App.–Dallas 2012, no pet.); *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250 (Tex. App.–Dallas 2005, no pet.) ("An individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity.").

Court already considered when deciding the Leave Motion. Rehashing previously rejected arguments does not entitle a party to relief under Rule 59(e). *Truvia v. Connick*, 577 F. App'x. 317, 327 (5th Cir. Aug. 8, 2014); *Mitchell v. Sikorsky Aircraft*, 533 F. App'x. 354, 357 (5th Cir. March 5, 2013). Having failed to meaningfully challenge the factual or legal basis for the Court's conclusions in the April 10 M&O,[9] the Investors have not carried their burden of demonstrating that the April 10 M&O contains any manifest errors of law or fact.[10]

### B. Rule 60 Analysis

The Court also has analyzed the Investors' *pro se* New Trial Motion under Rule 60(b) of the Federal Rules of Civil Procedure. The Investors have not made a showing of any unique or unusual circumstances that would justify relief under Rule 60(b)(1) or any extraordinary circumstances that would warrant relief under Rule 60(b)(6).[11] Similar to Rule 59(e), Rule 60(b) does not countenance a party simply reasserting previously rejected arguments. *See, e.g., Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) ("Neither a Rule 59 nor a

---

[9] Indeed, the Investors' arguments in the New Trial Motion and the Court's conclusions in the April 10 M&O are predicated on the same facts: the Investors were limited partners in the WB Fund, and it was the WB Fund, not the Investors, that invested in BizRadio.

[10] The Investors also fail to meaningfully articulate in the New Trial Motion how allowing the April 10 M&O to stand would result in manifest injustice.

[11] As discussed in note 5, *supra*, Rules 60(b)(2)-(5) are plainly inapplicable to the facts of this case based on the arguments asserted in the New Trial Motion.

9

Rule 60 motion provides the proper vehicle for rehashing old arguments"). Nowhere in the New Trial Motion do the Investors address the reasoning of the April 10 M&O, and the authorities cited therein, with respect to their lack of standing to pursue claims against the Receiver for harms incurred by the WB Fund. In doing so, the Investors have not identified any "mistake, inadvertence, surprise, or excusable neglect" or "any other reason" that would entitle them to relief under Rule 60. Accordingly, the New Trial Motion is **denied** to the extent it seeks relief under Rule 60.

## IV. <u>CONCLUSION AND ORDER</u>

The Investors have not shown entitlement to the requested relief of a new trial or alteration of the April 10 M&O under any cited or conceivably applicable authorities. For the foregoing reasons, it is hereby

**ORDERED** that the Investors' Motion for New Trial or Motion to Alter or Amend a Judgment [Doc. # 318] is **DENIED**. It is further

**ORDERED** that as promptly as practicable, but in no event more than one business day following the date of entry of this Memorandum and Order on the Court's docket, the Receiver shall (i) serve each English and Colling with a copy of this Memorandum and Order via both electronic mail and first class mail at the respective addresses they provided in the New Trial Motion and (ii) file a certificate of service with the Court confirming such service has been effected.

SIGNED at Houston, Texas this 7th day of **June, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE